UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DIANE S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00219-TWP-DML |
| | ) |
| ANDREW M. SAUL, Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Diane S.[1] requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "SSA"), denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. For the following reasons, the Court must **affirm** the decision of the Commissioner.

### I.     PROCEDURAL BACKGROUND

On May 11, 2016, Diane S. protectively filed an application for DIB alleging a disability onset date of November 4, 2015. (Dkt. 8-2 at 34.) Her application was initially denied on July 29, 2016, and upon reconsideration on December 1, 2016. *Id*. Administrative Law Judge Edward P. Studzinski (the "ALJ") conducted a hearing on August 3, 2018, at which Diane S., represented by counsel, and a vocational expert ("VE"), appeared and testified. (Dkt. 8-2 at 54-75.) The ALJ issued a decision on November 14, 2018, concluding that Diane S. has not been under a disability within the meaning of the Social Security Act from November 4, 2015, through the date of the

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

decision, and thus, she was not entitled to receive benefits. (Dkt. 8-2 at 31-33.) The Appeals Council denied review on August 21, 2019. (Dkt. 8-2 at 2.) On October 17, 2019, Diane S. timely filed this civil action, asking the Court, pursuant to 42 U.S.C. § 405(g), to review the final decision of the Commissioner denying her benefits. (Dkt. 1.) The Court notes that jurisdiction is also proper according to 42 U.S.C. § 1383(c).

## II.  STANDARD OF REVIEW

Under the Social Security Act, a claimant may be entitled to benefits only after she establishes that she is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that also meets the durational requirement, she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments,

20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the fourth and fifth steps. *See* 20 C.F.R. § 416.920(a)(4)(iv)-(v). Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1)[2]; Social Security Ruling 96-8p (SSA July 2, 1996), 1996 WL 374184). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work, given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). The claimant is not disabled if she can perform any other work in the relevant economy. *Id.*

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable

---

[2] The Code of Federal Regulations contains separate, parallel sections concerning Disability Insurance Benefits and SSI, which are identical in most respects. Cases, as here, may reference the section pertaining to the other type of benefits under the Social Security Act. Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See, e.g.*, 20 C.F.R. § 416.945(a)(1). The Court will take care to detail any substantive differences that are applicable to the case but will not always reference the parallel section when there is no substantive difference.

mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id*. (citation omitted).

### III.    FACTUAL BACKGROUND

When Diane S. filed, she alleged that since November 2015, she could no longer work because of generalized anxiety and major depressive disorder. (Dkt. 8-6 at 3.) She has completed high school and has an Associate's Degree in Accounting, but she has not used her degree in the last 15 years. (Dkt. 8-2 at 57-58.) Diane S. worked at Toyota Industry Equipment Manufacturing for 15 years doing factory work, including masks repair, inspection, and subassembly on the mask line, and last worked as a hose maker. (Dkt. 8-2 at 59-60; Dkt. 12 at 1.) Diane S. was 42 years old when her alleged disability began and 45 years old at the time of her hearing. The relevant evidence of record is set forth in the Commissioner's brief, as well as the ALJ's decision; however, specific facts relevant to the Court's disposition of this case are discussed below.

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 416.920(a)(4) and ultimately concluded that Diane S. was not disabled. (Dkt. 8-2 at 38.) At step

4

one, the ALJ found that Diane S. had not engaged in substantial gainful activity[3] since November 4, 2015, the alleged onset date. (Dkt. 8-2 at 36.) At step two, the ALJ found that Diane S. had "the following severe impairments: affective disorder and anxiety disorder." *Id*. At step three, the ALJ found that Diane S. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Dkt. 8-2 at 37.) After step three but before step four, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to work at all exertional levels with no limitation of her ability to lift and/or carry, sit, stand or walk throughout an eight-hour workday. She is limited to working in non-hazardous environments, *i.e.,* no driving at work, operating moving machinery, working on ladders, at unprotected heights, or around exposed flames or unguarded large bodies of water, and she should avoid concentrated exposure to unguarded hazardous machinery such as a punch press and large robotic machinery. In addition, the claimant is further limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment. She ought not perform work which requires multitasking. She could perform work requiring an average production pace, but is incapable of significantly above average or highly variable production pace work. She ought not perform work which requires significant self-direction. She is further precluded from work involving direct public service, in person or over the [tele]phone, although the claimant can tolerate minimum brief and superficial interaction with the public which is incidental to her primary job duties. She ought not work in crowded, hectic work environments. She can tolerate brief and superficial interaction with co-workers and supervisors as is common in unskilled work, but is not to perform teamwork or tandem tasks.

(Dkt. 8-2 at 39-40.) At step four, the ALJ found that Diane S. is unable to perform any past relevant work. (Dkt. 8-2 at 44.) At step five, considering Diane S.'s age, education, work experience, and RFC, as well as the VE's testimony, the ALJ concluded that there are jobs that exist in significant

---

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e*., involves significant physical or mental activities) and gainful (*i.e*., work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 416.972(a).

numbers in the national economy that Diane S. can perform representative occupations--such as a hand packager, kitchen helper, hospital cleaner. (Dkt. 8-2 at 45.)

### IV.    DISCUSSION

Diane S. contends in her Complaint that her lawyer submitted evidence dated incorrectly (Dkt. 1 at 3). In her brief, she writes that she was a "hard worker … and go-getter at Toyota" until she was impacted by the stress, depression and anxiety following the death of her youngest daughter in a car accident that occurred in December 2012. She contends her lawyer did not submit the records for Debbie Dillard-Stark, ("Ms. Dillard-Stark"), the first therapist who saw her, thus not all the evidence was submitted. (Dkt. 12 at 3.) She has submitted 209 pages of exhibits, consisting of various letters from her treatment providers and medical records; and asserts that she is unable to work because of her combined impairments. (Dkt. 12-2.) She asks the Court to "look at all the evidence" that was presented as well as the evidence that she submits with her brief. (Dkt. 12 at 3.) Diane S. was represented during the hearing, but because she proceeds *pro se* in this action, the Court has considered the letters and evidence that she submitted, as well her brief, and will liberally construe her pleadings. *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001).

### A.    Waiver

Even a *pro se* litigant must "present a cogent legal argument with citations to authority and relevant parts of the record." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020), *reh'g denied* (July 14, 2020), *cert. denied*, 141 S. Ct. 597 (2020) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Diane S. does not challenge any of the reasons that the ALJ gave for denying her claim and she has not challenged the weight the ALJ gave to any of the medical opinions on functional capacity. Nor has she cited to any authority or relevant parts of the record.

A claimant bears the burden of presenting evidence of disabling imitations. *Summers v. Berryhill*, 864 F.3d 523, 527 (7t Cir. 2017). Instead, she restates her symptoms and invites the Court to reweigh the evidence she submitted to the Agency, as well as more than 200 pages of additional evidence attached to her brief that she claims the ALJ never saw. The closest Diane S. comes to raising an issue with the ALJ's decision is her contention that all the evidence was not submitted, which the Court will discuss below. The court's role is to determine whether substantial evidence supports the ALJ's decision, not to reweigh the evidence and make its own factual determination. *Skinner v. Astrue,* 478 F.3d 836, 841 (7th Cir. 2007). Because Diane S. "does not develop arguments addressing the ALJ's reasoning, any challenges are waived." *Greenwell*, 811 F. App'x at 370 (citing *Griffin v. TeamCare*, 909 F.3d 842, 846 (7th Cir. 2018)).

### B.     The ALJ Reasonably Assessed Mental Impairments

Regardless of any waiver, the record clearly supports that the ALJ reasonably assessed Diane S.'s mental impairments. The ALJ found that Diane S. had an affective disorder and anxiety disorder that caused a wide variety of hazard and mental limitations. (Dkt. 8-2 at 39-40.) However, he concluded that the severity of Diane S.'s mental impairments, considered singly and in combination, did not meet or medically equal criteria of listing 12.06 or 12.04.

The ALJ considered the opinions of her treating doctor, Nishanie Gunawardane, D.O., ("Dr. Gunawardane"), including that Diane S. has trouble with complex situations and was seriously limited, but not precluded from, understanding, and remembering detailed instructions. (Dkt. 8-2 at 37.) The ALJ accepted Diane S.'s reports of difficulty interacting with others, and notes that this contention was supported by her report of incidents at work. The ALJ also accepted the opinion of Dr. Gunawardane that Diane S. finds it stressful to work with people and deal with the public. However, the ALJ did not find that her limitations were so severe that she could not

interact at all in light of evidence in the record, such as evidence that that Diane S. could successfully interact with her fiancé and his mother on a daily basis, and go to the store.

The ALJ considered Diane S. statements that her mind wanders and she starts tasks that she doesn't finish; but Dr. Gunawardane found that although she was limited regarding concentration, persistence and maintenance; she was not precluded from carrying out detailed instructions required for semiskilled and skilled work. The ALJ found the balance of evidence shows that Diane S. has a moderate limitation with concentrating persisting or painting pace, but a more restrictive limitation was not warranted given Dr. Gunawardane's opinion, the therapy notes, and Diane S.'s ability to concentrate to perform activities of daily living. (Dkt. 82-1 at 38.)

In her brief, Diane S. repeated testimony presented at her hearing, that she cannot drive by herself due to anxiety attacks and impulses. (Dkt. 12 at 2.) In his determination, the ALJ accommodated this factor by limiting her capacity to no driving at work, as well as not operating moving machinery and many other hazard limits. (Dkt. 8-2 at 39.) The ALJ accommodated Diane S.'s concentration difficulties by limiting her capacity to unskilled work that required no more than average production pace, without significantly above average or highly variable production pace work and without self-direction (Dkt. 8-2 at 42). Concerning her "impulse rages" which cause her to "get violent with other people [because] of their disrespect and stupidity", (Dkt. 12 at 1), the ALJ limited her interactions with other people, accommodating limits that preclude work involving direct public service, in person or over the telephone. (Dkt. 8-2 at 39.) The ALJ reasonably found Diane S. could tolerate minimal brief and superficial interactions with the others, but limited her from crowded or hectic work environments, and from performing teamwork or tandem tasks. (Dkt. 8-2 at 39-40.)

As argued by the Commissioner in their brief, the ALJ also reasonably addressed the medical source opinions on functional capacity. He stated that he gave "great weight" to the opinions of the state agency psychologists, Dr. Lovko and Dr. Unversaw, who reviewed Plaintiff's medical records and found, despite affective and anxiety disorders, that she retained the capacity to perform unskilled work. (Dkt. 8-2 at 43.) Dr. Lovko and Dr. Unversaw, each opined that Diane S. could understand, remember, and carry out unskilled tasks without special considerations in many work environments, attend to tasks for sufficient periods of time to complete them, and manage the stress involved in unskilled work. (Dkt. 8-3 at 10, 23.) The ALJ explained that he gave these psychologists' opinion great weight because they were supported by the record. In addition, the ALJ stated that he placed more limits on Diane S.'s abilities to interact with others, based on the totality of the evidence available at the hearing level. (Dkt. 8-2 at 43.) Throughout his decision, the ALJ gave examples of evidence that supported the state agency psychologist's opinions.

The ALJ provided sufficient explanations to trace the path of his reasoning with regard to Diane S.'s impairments to sufficiently connect the evidence to his conclusions. The Court does not find any medical opinion that was neglected, nor medically determinable impairments that were established by the record but ignored by the ALJ. Accordingly, the Court finds the ALJ adequately accommodated Diane S.'s mental limits in his functional capacity finding and reasonably assessed her mental impairments. Remand is not required under these circumstances.

**C.      Evidence Submitted on Appeal**

Diane S. has also submitted medical evidence on appeal. (Dkt. 12-2.) The Seventh Circuit has explained that "[a] reviewing court may order additional evidence to be taken before the Commissioner upon a showing that there exists 'new evidence which is material and that there is

9

good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Schmidt v. Barnhart*, 395 F.3d 737, 741-42 (7th Cir. 2005) (quoting 42 U.S.C. § 405(g) (sentence six)). "Evidence is 'new' if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Schmidt*, 395 F.3d at 742 (quoting *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997)). "New evidence is 'material' if there is a 'reasonable probability' that the ALJ would have reached a different conclusion had the evidence been considered." *Schmidt*, 395 F.3d at 742 (quoting *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999)). "Thus, new evidence is material only if it is relevant to the claimant's condition 'during the relevant time period encompassed by the disability application under review.'" *Schmidt*, 395 F.3d at 742 (quoting *Kapusta v. Sullivan,* 900 F.2d 94, 97 (7th Cir. 1990)).

Diane S. submitted more than 200 pages of medical evidence with her brief and she requests a remand based on this evidence. (*See* Dkt. 12-2.) The Commissioner argues that Diane S. has not shown that the evidence was new and material, nor has she shown good cause for submitting it late--thus, she cannot show a basis for overturning the ALJ's findings that she was not disabled prior to the November 2018 decision. (Dkt. 17 at 10.) The Commissioner contends that the majority of the records submitted with Diane S.'s brief "are already contained in the agency record, and therefore were considered by the ALJ. For example, the May 2018 gastroenterology records from Carlie Johnson, N.P., are in the certified administrative record at Dkt. 8-12 at [] 17-19." *Id*. The Commissioner points out that Diane S. is mistaken that her attorney did not submit treatment records from her social worker Ms. Dillard-Stark from Centerstone Medical. (Dkt. 12 at 2-3.) Ms. Dillard-Stark's Centerstone clinical records from November 2015 are submitted at Dkt. 12-2 at 171-211 and in the certified administrative record at Dkt. 8-15 at 2-6.

The Commissioner accurately points out that many of the medical records submitted with Diane S's. brief "address conditions and treatment well after the ALJ's decision in November 2018." (Dkt. 17 at 10.) For example, Diane S. submitted treatment records from Dr. Gunawardane covering her office visits from December 2018 to the end of 2019. (Dkt. 12-2 at 104-68.) Dr. Gunawardane's disability opinion letter addresses Diane S.'s condition in October 2019, as shown by the date on the doctor's letter (Dkt. 12-2 at 1). Diane S. also submitted gynecology records from January 2020, when she had a hysterectomy that had no complications or resulting limits, but these records shed no light on her condition during the period under consideration by the Court. *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008) ("Medical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision and therefore does not meet the materiality requirement.").

Having reviewed the letters and medical records, the Court agrees with the Commissioner that the evidence submitted with Diane S.'s brief does not provide a basis for remand. The evidence either was already presented in the record, or predates the period under review or postdates the ALJ's decision. The ALJ evaluated the severity of Diane S.'s mental impairments through the date of the decision, November 2018. The Court's review is limited to Diane S.'s "condition as it existed at or prior to the time" of the ALJ's decision. *Schmidt*, 395 F.3d at 742. Accordingly, the evidence that Diane S. submitted on appeal is not material to her application under review. As such, the Court lacks jurisdiction under the Social Security Act to have the Commissioner consider the submitted evidence on remand.

If Diane S. "has developed additional impairments, or [her] impairments have worsened" since the application under review, she may submit a new one to the SSA. *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008).

## V.  CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). For the reasons stated above, the Court finds no legal basis to reverse the ALJ's decision. The final decision of the Commissioner is **AFFIRMED**. Diane S.'s appeal is **DISMISSED**.

**SO ORDERED.**

Date:  3/29/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Diane S.
816 Polley Drive
Seymour, Indiana  47274

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE
julian.wierenga@usdoj.gov